STATE, JOHN MELISKI, PROSECUTOR, v. THOMAS W. SLOAN.

1. The design of the insolvent law is to discharge the debtor from confinement if he will deliver up to his creditors all his estate towards the payment of his debts.
2. The section of the law which requires the conduct of the debtor to be fair, upright and just, is restricted to his conduct in making his account and inventory.

On *certiorari.*

Argued at November Term, 1884, before Justices DEPUE, SCUDDER and PARKER.

For the prosecutor, *R. V. Lindabury.*

*Contra, Gilhooly & Marsh.*

The opinion of the court was delivered by

PARKER, J.    Thomas W. Sloan was a constable, and had in his hands an execution against one Paul, in favor of Christie & Co.    By virtue of such execution, Sloan levied upon the

goods of Paul. Meliski, the prosecutor, held a chattel mortgage on the same goods. He notified Sloan not to sell the goods under the execution. Notwithstanding such notice, Sloan, after taking a bond of indemnity from Christie & Co., sold the goods. Thereupon Meliski brought suit against Sloan for injury to his mortgage interests, and recovered a judgment. On this judgment an execution issued against the body, and Sloan was arrested. Sloan then applied for the benefit of the insolvent laws of the state. At the time and place appointed for hearing, he rendered an account and inventory of his estate, in which said bond of indemnity was included. The application for discharge was opposed by Meliski on the ground that the conduct of Sloan had not been fair, upright and just, within the meaning of the statute.

The Court of Common Pleas, after examining into the truth and fairness of the account and inventory, being satisfied that the conduct of the debtor had been fair, upright and just, and that he had executed an assignment of all his estate, signed an order discharging him from confinement. The order of discharge and proceedings anterior thereto are brought here by this writ.

The discharge of Sloan was opposed because he refused to assign the said indemnity bond to Meliski, but attempted to deliver it up to the makers thereof.

The design of the Insolvent act is to discharge the debtor from confinement if he will deliver up to his creditors all his estate towards the payment of his debts. The section of the act which requires the debtor's conduct to be fair, upright and just, is restricted to his conduct in making his account and inventory, and in delivering up to his creditors all his estate. When this is done he is entitled to his discharge. *Reford* v. *Cramer*, 1 *Vroom* 250.

Prior acts, showing intent to defraud, will be considered on application for order of arrest, but on motion to discharge from confinement the question to be considered is whether he has put all his property in his account and inventory for the purpose of transferring it to his creditors. The state of the

case admits that, at the time of the hearing and before discharge, Sloan did render an account and inventory of his estate, in which he placed the Christie bond with all his other property.

The order discharging Sloan from confinement is affirmed, with costs.